UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELEE, LLC, and ELIZABETH LEE

                    Plaintiffs,

v.

VINO 100, LLC, GARY
BLUMENTHAL, JANICE
BLUMENTHAL, ROBERT CRAFT,
and JANE DOE CRAFT

                    Defendants.

Case No. C08-1146 MJP

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

      This matter comes before the Court on Defendants' motion to dismiss or stay. (Dkt. No. 7.) After reviewing the motion, Plaintiffs' response (Dkt. No. 19), Defendants' reply (Dkt. No. 26), and all papers submitted in support thereof, the Court GRANTS the motion and hereby dismisses this action without prejudice.

**Background**

      In 2005, Washington company Elee LLC ("Elee") entered a franchise agreement with Vino 100 LLC ("Vino 100"), a Delaware company with its principal place of business in Pennsylvania. (Dkt. No. 17.) In June 2008, Vino 100 filed an action in the Eastern District of Pennsylvania alleging Lanham Act violations and breach of contract. Vino 100, LLC v. Elee, LLC, No. 08 Civ. 2749 (E.D. Pa. filed Jun. 12, 2008). The Pennsylvania court has since denied Elee's motion to dismiss and transfer that action to this District; a motion for reconsideration of that order is still pending. (Id. at Dkt. No. 33, Dkt. No. 35.) In August

1  2008, Plaintiffs initiated an action in this District, alleging violations of the Washington

2  Franchise Investment Protection Act ("FIPA"), fraudulent misrepresentation, and breach of

3  contract. (Dkt. No. 1.)

4  **Analysis**

5  The first-to-file rule "permits a district court to decline jurisdiction over an action

6  when a complaint involving the same parties and issues has already been filed in another

7  district." Pacesetter Sys., Inc. v. Medtronics, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The

8  rule "should not be disregarded lightly" because it is designed to promote efficiency. Church

9  of Scientology of Cal. v. U.S. Dep't of Defense, 611 F.2d 738, 750 (9th Cir. 1979).

10  This case meets the prerequisites of the first-to-file rule because (1) the Pennsylvania

11  action was initiated before the present action; (2) the same parties are involved in both

12  actions; and (3) the claims in both actions arise out of the franchise relationship between the

13  parties. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991).

14  The first-to-file rule is not rigid and need not be applied in exceptional circumstances

15  such as bad faith and forum shopping. Id. at 628. This case does not fall within those

16  exceptions. Washington's interest in interpreting and enforcing its own laws does not create

17  an exception to the first-to-file rule. See Knedlik v. Lincoln Inst. of Land Policy, No. 88-

18  3574, 1989 WL 96434, at *3-*4 (9th Cir. Aug. 17, 1989) (holding that Washington's interest

19  in protecting its citizens from employment discrimination as expressed in RCW 49.60 was not

20  an exceptional circumstance).

21  The Pennsylvania court denied Plaintiffs' motion to dismiss and transfer that action to

22  this District, Vino 100, LLC v. Elee, LLC, No. 08 Civ. 2749 at Dkt. No. 33 (E.D. Pa. filed

23  Jun. 12, 2008), and "the forum non conveniens argument should be addressed to the court in

24  the first-filed action." Pacesetter, 678 F.2d at 96. The Pennsylvania court will apply

25  Washington law when necessary and honor the contract provisions to the extent they are

enforceable. See Palcko v. Airborne Express, Inc., 372 F.3d 588, 594-96 (3d Cir. 2004)

1    (determining that a Pennsylvania district court should enforce the parties' agreement under

2    Washington state law).

3                                          **Conclusion**

4           Because the Pennsylvania action was first-filed and this case involves no exceptional

5    circumstances, the Court hereby GRANTS Defendants' motion to dismiss without prejudice.

6           The Clerk is directed to send a copy of this order to all counsel of record.

7    DATED this 12th day of February, 2009.

8                                            ___/s/  Marsha J. Pechman____
                                             HONORABLE MARSHA J. PECHMAN
9                                            United States District Court Judge